FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 23 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EILEEN CASINO,

                Plaintiff,

      -against-

"'MR. R. ROHL' or 'JOHN DOE' Owner/Administrator
of Woodhaven Nursing Home,"

                Defendant.
----------------------------------------------------------X

**ORDER**
14-CV-2175 (SJF)(GRB)

FEUERSTEIN, District Judge:

On April 3, 2014, *pro se* plaintiff Eileen Casino ("plaintiff")[1] filed a fourth *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the quality of care Donato J. Casino allegedly received at, *inter alia*, Woodhaven Nursing Home ("Woodhaven")[2], accompanied by an application to proceed *in forma pauperis*. On May 30, 2014, plaintiff filed an amended complaint pursuant to Section 1983 against "'MR. R. ROHL' or 'JOHN DOE' Owner/Administrator of Woodhaven Nursing Home" ("defendant").

Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), her application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the amended complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief.

---

[1] Although the caption of the complaint indicates that plaintiff is also asserting claims on behalf of her "children and grandchild," "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010); see 28 U.S.C. § 1654. Accordingly any claims asserted by plaintiff on behalf of her children and grandchild are dismissed without prejudice.

[2] As set forth below, each of plaintiff's earlier cases were *sua sponte* dismissed.

I. Background

   A. Prior Litigation

      1. The First Casino Action

On September 11, 2013, plaintiff filed in this Court, *inter alia,* a complaint pursuant to Section 1983 against Brian Cassidy ("Cassidy") and "Mr. Rohl, as owner/admin,"[3] among others, alleging violations of Mr. Casino's civil rights relating to his treatment and care in an unidentified nursing home and to court proceedings in which Cassidy acted as his law guardian, which was assigned docket number 13-cv-5095 ("the first action"). By Order dated November 8, 2013, *inter alia*: (1) plaintiff's claims in the first action were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for lack of standing and failure to state a claim for relief; and (2) Mr. Casino's claims in the first action were *sua sponte* dismissed without prejudice on the basis that plaintiff, who is not an attorney, could not assert *pro se* claims on his behalf.

      2. The Second Complaint

On October 28, 2013, plaintiff filed another complaint in this court pursuant to Section 1983 against "Stonybrook [sic] University Medical Center" ("Stony Brook"), Cassidy and Woodhaven alleging, *inter alia,* that those defendants were "not always acting in the best interest of [Mr.] Casino or his family or according to all our wishes" and "unfair competition for family time with my husband" (Compl. under docket number 13-6357 at 1-2), which was assigned

---

[3] In her application to proceed *in forma pauperis* in this action, plaintiff identifies Mr. Rohl as the "owner/administrator" of Woodhaven. (Application to Proceed *In Forma Pauperis* ["IFP Applic."] at 1).

docket number 13-CV-6357 ("the second action"). By Order dated January 27, 2014, *inter alia*: (1) plaintiff's claims against Stony Brook were *sua sponte* dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure; (2) plaintiff's Section 1983 claims against Woodhaven and Cassidy were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; and any state law claims were dismissed without prejudice pursuant to 28 U.S.C. § 1367.

### 3. The Third Complaint

On or about January 22, 2014, plaintiff filed a third complaint ("the third action") pursuant to Section 1983 on behalf of herself and Mr. Casino against Stony Brook, Cassidy, Woodmere Nursing Home ("Woodmere") and the New York State Mental Health Court ("the State Court") alleging, *inter alia*, that those defendants' actions concerning Mr. Casino's care were "against [the] best interest[s] & wish[es] of p[atien]t & [his] family resulting in setbacks of health at Stonybrook [sic] Hospital" (Compl. under docket number 14-CV-00629 at ¶ III), which was assigned docket number 14-CV-00629 ("the third action"). By Order dated April 10, 2014, *inter alia*: (1) plaintiff's claims against Stony Brook and the State Court were *sua sponte* dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction; (2) plaintiff's Section 1983 claims against Woodmere and Cassidy were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; (3) any state law claims were dismissed without prejudice pursuant to 28 U.S.C. § 1367; and (4) Mr. Casino's claims were *sua sponte* dismissed without prejudice because plaintiff, who is not an attorney, could not assert *pro se* claims on his behalf.

B.  The Instant Complaint[4]

Since the original complaint filed by plaintiff was not signed, the Court's *pro se* office sent plaintiff a Notice of Deficiency ("Notice") on May 14, 2014, informing her that she must file a signed complaint within fourteen (14) days from the date of the Notice in order to proceed with this case. [See Docket Entry No. 5]. On May 30, 2014, plaintiff filed a signed amended complaint against defendant alleging that the "right to life[,] liberty[,] happiness guarantee [sic] in Constitution of USA was denied [and] there is now wrongful death of Donato Casino caused by criminal negligence [and] human rights abuses." (Amended Complaint ["Am. Compl."], ¶ II(B)) (case converted to lowercase).

The following is plaintiff's statement of her claims against defendant in the amended complaint, which she alleges occurred "[b]etween June of 2013-Sept 10 of 2013," (Am. Compl., ¶ III(A)):

> "At all visits from myself I found Dan in a dark room, no company,
> no radio or tv turned on, on his back, no care given yet that day
> incl. no diaper change or feeding or fluid/ice [indecipherable]
> Approx. 2 visits or more per [week]. Approx. 2 [weeks] per
> [month]. Actually Dan on their premises. . . .
>
> [] No ability or available call bell[.]
>
> [] 'Sterile['] dressing table filthy at each visit[.]
>
> [] 'Sterile' dressing to be used left on table unattended, open to
> dirty air for who knows how long w/ointments on them open to
> air[.]

---

[4] All material allegations in the Complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

> 5 different hosp. stays - only they sent him later rather than in timely fashion. Also - last hosp. stay at Stony Brook Hosp. was 5 months from Sept- 2013 to end of Jan/Feb '14[,] which consisted of health crisis after health crisis requiring heroic means to save Dan's life during that 5 mos. After [transfer] to new home in Nassau Co. Dan was never the same - responsive, but min. interactive - 1 more stay at Franklin Hosp. (2-3 wk) back to Woodmere - then final stay at S. Nassau Hosp. Dan did <u>not</u> get his last wish for me to be by his side in his last hour because of location. I arr[ived] at Nassau after (Cassidy)(law guardian) approved a DNR.
>
> At Nassau Hosp. - 3 handwritten pps. of meds scheduled on 1 shift shown to me[.] Feeding at 30 ml. (only 1/3 what they [brought] him up to at Franklin (90 ml) still insufficient for his frame[.)]
>
> I <u>saw</u> 5 dark spots (large) on Doplar in his stomach - they were ulcers, yet hosp. claims they could not determine cause of bleeding or infection. Nassau continued use of Tylenol, though Franklin had said they would not use it - contraindicated by a condition Dan had.
>
> Woodmere had Dan off [of] ventilator, IV P/C Line, feeding & hydration at 2 visits and failed [indecipherable] to hosp[.]"

(Am. Compl. ¶¶ III-IV) (emphasis in original; case converted).

Plaintiff seeks, *inter alia*, compensatory damages in the amount of "½ a million dollars."

(Am. Compl. ¶ V) (case converted).


II.     Discussion

   A.   Standard of Review

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

It is axiomatic that district courts are required to read *pro se* complaints liberally, <u>Erickson</u>

v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. Cnty. of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937; see also In re Amaranth Natural Gas Commodities Litig., 730 F.3d 170, 180 (2d Cir. 2013).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013)(accord). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S. Ct. at 1959.

B.  Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, — U.S. —, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Although Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it," Nat'l Collegiate Athletic Ass'n. v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988)(quotations and citation omitted); see also Hafer v. Melo, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Congress enacted §1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." (quotations and

citations omitted)), "[a] private actor may be liable under § 1983 * * * if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Sykes v. Bank of Am., 723 F.3d 399, 406 (2d Cir. 2013)(quotations, internal quotations and citations omitted); see also Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. * * * [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." Filarsky, 132 S. Ct. at 1661 (quotations and citation omitted); see also Fabrikant, 691 F.3d at 207 ("The fundamental question * * * is whether the private entity's challenged actions are 'fairly attributable' to the state." (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982))). "Three main tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test')."

Fabrikant, 691 F.3d at 207 (quoting Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

Defendant, as the owner or administrator of Woodhaven, a private nursing home, was not

-8-

acting "under color of state law" for purposes of Section 1983 with respect to the conduct alleged in the amended complaint. White v. St. Joseph's Hosp., 369 F. App'x 225, 226 (2d Cir. Mar. 10, 2010) (summary order) ("[P]rivate actors and institutions, such as the * * * nursing home * * * are generally not proper Section 1983 defendants because they do not act under color of state law. * * * [T]he presence of state funding or regulation, in the absence of some concerted action with state officials, does not transform a private party's actions into state action."); Baum v. Northern Dutchess Hosp., 764 F. Supp. 2d 410, 430-33 (N.D.N.Y. 2011) (dismissing Section 1983 claims against private nursing home because it is not a state actor); Mitchell v. Home, 377 F. Supp. 2d 361, 370 (S.D.N.Y. 2005) (accord).

Moreover, in order to state a claim for relief under Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Spavone v. New York State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation and quotation marks omitted)); Grullon v. City of New Haven, 720 F.3d 133, 138–39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003); see also Grullon, 720 F.3d at 139. "An individual cannot be held liable for damages under Section 1983 'merely because he held a high

position of authority'...." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011).

Since, *inter alia*, defendant is nowhere mentioned or referenced in the body of the amended complaint, plaintiff has not adequately pled his personal involvement in any of the constitutional deprivations alleged in the amended complaint. Accordingly, plaintiff's Section 1983 claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim for relief.

1.  Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted), leave to amend is not required, *inter alia*, where a proposed amendment would be futile. See Grullon, 720 F.3d at 140; Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012), cert. denied sub nom Curtis Circulation Co. v. Anderson News, L.L.C., 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners, Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012).

Since, *inter alia*, even a liberal reading of the amended complaint does not give any

-10-

indication that plaintiff can state a plausible federal claim against defendant, and this is plaintiff's fourth unsuccessful attempt to litigate essentially the same claims, any amendment to the amended complaint to replead the Section 1983 claims against defendant would be futile. Accordingly, plaintiff's Section 1983 claims against defendant are dismissed with prejudice.

C. Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, see Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391-92, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998), a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S. Ct. 1862, 1866-1867, 173 L. Ed. 2d 843 (2009) (holding that a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court."). The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); see also Lundy, 711 F.3d at 117-18 (accord). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7; Lundy, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination.");

Delaney v. Bank of Am. Corp., 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (quotations and citation omitted)).

In light of the dismissal of all federal claims in this action prior to service of a summons and the amended complaint upon defendant, and upon consideration of all relevant factors, *i.e.*, judicial economy, convenience, fairness and comity, I decline to exercise supplemental jurisdiction over any remaining state law claims in this action. Accordingly, to the extent the amended complaint asserts any state law claims, those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff is advised that pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims, to the extent those claims were timely filed in this Court, is tolled for a period of **thirty (30) days after the date of this order**, unless a longer tolling period is otherwise provided under state law.

### D. Filing Injunction

Under the All Writs Act, district courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The All Writs Act grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999); see also Matter of Hartford Textile Corp., 613 F.2d 388, 390 (2d Cir. 1979) (holding that the All Writs Act "grant[s] the district court power sua sponte to enjoin further filings in support of frivolous and vexatious claims.") "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have

a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (quotations and citation omitted); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (quotations and citations omitted)); Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) ("A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." (quoting Abdullah v. Gatto, 773 F.2d 487, 488 (2d Cir. 1985)(*per curiam*)).

"The filing of repetitive and frivolous suits constitutes the type of abuse [of the judicial process] for which an injunction forbidding further litigation may be an appropriate sanction." Shafii v. British Airways, PLC, 83 F.3d 566, 571 (2d Cir. 1996); see also Lau, 229 F.3d at 123 ("The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." (quotations, alterations and citations omitted)). The following factors should be considered in determining whether to restrict a litigant's future access to the courts:

> "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigation has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Safir, 792 F.2d at 24; see also Iwachiw v. New York State Dep't of Motor Vehicles, 396 F.3d

525, 528 (2d Cir. 2005) (accord). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Safir, 792 F.2d at 24.

The court must first provide a litigant with notice and an opportunity to be heard before imposing a filing injunction, see Lau, 229 F.3d at 123; Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*), and the filing injunction must be narrowly tailored so as to preserve the litigant's right of access to the court, see Bd. of Managers of 2900 Ocean Ave. Condo. v. Bronkovic, 83 F.3d 44, 45 (2d Cir. 1996) (holding that filing injunctions "must be appropriately narrow."); e.g. SBC 2010-1, LLC v. Morton, 552 F. App'x 9, 12-13 (2d Cir. Dec. 18, 2013) (summary order) (affirming the district court's issuance of a filing injunction on the basis, *inter alia*, that it was "narrowly crafted"); Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist., 506 F. App'x 65, 70 (2d Cir. Dec. 26, 2012) (summary order) (accord).

This lawsuit is plaintiff's fourth unsuccessful attempt in this Court to litigate essentially the same claims regarding the treatment and care of Mr. Casino since September 2013. Given the court's "obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel," Lau, 229 F.3d at 123, **plaintiff is warned that similar, future actions will not be tolerated.** If plaintiff persists in filing actions asserting claims previously asserted and dismissed by this Court with prejudice or for lack of subject matter jurisdiction, the Court will issue an order to show cause why she should not be required to seek leave of this Court before filing any future actions in this Court.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to

-14-

*pro se* litigants, see Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants * * *.");e.g., Ginther v. Provident Life and Cas. Ins. Co., 350 F. App'x 494, 496 (2d Cir. 2009) (affirming a district court's imposition of Rule 11 sanctions against a *pro se* litigant), and that should she file another frivolous action, it is within the Court's authority to consider imposing sanctions upon her. See Fed. R. Civ. P. 11.[5]

III.  Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's Section 1983 claims against defendant are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; any state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3); and any claims asserted by plaintiff on behalf of her children and grandchild are dismissed without prejudice. **Plaintiff is warned that her repetitive filing of actions in this Court asserting similar claims relating to the care and treatment of Mr. Donato will not be tolerated**. If plaintiff persists in filing actions asserting claims previously asserted and dismissed by this Court with prejudice or for lack of subject matter jurisdiction, the Court: (1) **will issue an order to show cause why she should not be required to seek leave of this Court before filing any future actions in this Court relating to the care and treatment of Mr. Donato**; and (2) will consider imposing sanctions upon her pursuant to Rule 11 of the Federal Rules of Civil Procedure.

---

[5] This Court's April 10, 2014 order in the third action also warned plaintiff that the Court is considering issuing an order to show cause why a filing injunction should not be imposed upon her and imposing sanctions upon her pursuant to Rule 11 of the Federal Rules of Civil Procedure based upon her filing of repetitive and frivolous lawsuits. However, this action was commenced one (1) week before the Court issued the April 10, 2014 order.

The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                            s/ Sandra J. Feuerstein

                                            Sandra J. Feuerstein
                                            United States District Judge

Dated: October 23, 2014
        Central Islip, New York